UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

OLIVER NISSAN AWSHANA,

    Petitioner,                             Civil Action No. 19-CV-12552

vs.                                       HON. BERNARD A. FRIEDMAN

REBECCA ADDUCCI, et al.,

    Respondents.
_____/

## OPINION AND ORDER DENYING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS

This matter is presently before the Court on petitioner's application for a writ of habeas corpus [docket entry 1]. Respondents have filed a response in opposition in which they argue that the petition should be denied. Petitioner has not replied, and the time for him to do so has expired. Pursuant to E.D. Mich. LR 7.1(f)(2), the Court shall decide the petition without a hearing.

Petitioner indicates that he has been detained pending removal since April 2018. He argues that this is an unreasonable length of time and that this Court should order him released on bond, or require an immigration judge to conduct a bond hearing, pending the completion of the removal proceedings.

Petitioner's application is denied for the reasons stated by Judge Jack Zouhary of the Northern District of Ohio, where petitioner filed a similar application in April 2019. *See Awshana v. Adducci*, No. 4:19-cv-00724 (N.D. Ohio). Judge Zouhary's July 10, 2019, order granting respondents' motion to dismiss, which petitioner did not appeal, states in relevant part as follows:

BACKGROUND

Awshana is an Iraqi citizen who first entered the United States as a refugee in 2009 (Doc. 1 at 3–4). In 2017, he was convicted of drug possession and twice convicted of retail fraud (Doc. 4-3 at 4; Doc. 4-12 at ¶ 5). Following these convictions, the Government took him into custody and initiated removal proceedings in April 2018 (Doc. 4-12 at ¶ 6). His detention was then authorized by 8 U.S.C. § 1226(c), which requires detention of aliens who are deportable for committing certain criminal offenses (Doc. 4-12 at ¶¶ 5–6, 16).

In August 2018, a Detroit immigration judge ordered Awshana's removal to Iraq (Doc. 4-4). When that order was issued, the authority for Awshana's continued detention changed to 8 U.S.C. § 1231(a), which allows, but does not require, detention of aliens subject to removal orders. *See Ly v. Hansen*, 351 F.3d 263, 267 (6th Cir. 2003).

The Government then obtained an Iraqi travel document for Awshana and scheduled his removal for April 2019 via commercial flight (Doc. 4-12 at ¶¶ 9–10). On the scheduled departure date, Awshana refused to board the flight, and he was returned to detention, where he remains today (*id*. at ¶ 11).

Recently, an immigration judge stayed Awshana's removal and reopened his immigration case (Doc. 4-7 at 2; Doc. 4-9 at 6). Accordingly, the statute authorizing his detention has switched back to Section 1226(c) (Doc. 4-12 at ¶¶ 5, 16).

DISCUSSION

In the Petition, Awshana challenges the lawfulness of his detention under Section 1231(a). He cites *Zadvydas v. Davis*, 533 U.S. 678, 699–01 (2001), to argue that, once an alien has been detained under Section 1231(a) for six months, he "must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future" (Doc. 1 at 6). The Government argues Awshana's claim is moot because he is no longer detained under Section 1231(a), which permits detention, but rather under Section 1226(c), which requires it (Doc. 4-1 at 3–4).

A case becomes moot "when events occur during the pendency of a litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986). In *Parlak v. U.S. Immigration and Customs Enforcement*, the Sixth Circuit held that a petitioner's challenge to his detention was moot where, during petitioner's appeal, the authority for his

>   detention changed from Section 1226 to Section 1231. 2006 WL
>   3634385, at *1 (6th Cir. 2006)
>
>   Similarly, here, Awshana challenges his detention under
>   Section 1231(a), but he is now detained under Section 1226(c).
>   Although Section 1226(c) does not allow for indefinite detention,
>   Awshana has no live claim for relief because there has been no
>   "unreasonable delay in concluding removal proceedings." *Ly*, 351
>   F.3d at 271. His immigration case was reopened just two months ago
>   (Doc. 4-9 at 6), and he invited his continued detention by refusing to
>   board the earlier removal flight (*see* Doc. 4-1 at 3). *See also Lakhani
>   v. O'Leary*, 2010 WL 3730157, at *2 (N.D. Ohio 2010).
>
>   If circumstances change, Awshana may again seek habeas
>   relief. For now, "there is no live controversy concerning whether
>   his detention . . . would be constitutional." *Parlak*, 2006 WL
>   3634385, at *1.

Petitioner commenced the instant action just three weeks after Judge Zouhary denied his earlier application. Petitioner has not shown that any circumstances concerning his detention changed during this three-week period. As noted, he has not replied to respondents' brief opposing his application. Further, if petitioner believed that Judge Zouhary's decision was erroneous, his remedy was to appeal that decision to the court of appeals, not to file another, essentially identical petition in another court within the same circuit. Judge Zouhary's unchallenged decision is res judicata. Most importantly, petitioner has shown no error in Judge Zouhary's reliance on § 1226(c), which requires detention of an alien who is deportable because he has been convicted of certain offenses, such as drug possession, as in petitioner's case. The Supreme Court has held that such aliens must be detained until the removal proceedings are concluded, *see Jennings v. Rodriguez*, 138 S. Ct. 830, 846-47 (2018), and those proceedings in petitioner's case are not yet concluded. For these reasons,

IT IS ORDERED that petitioner's application for a writ of habeas corpus is denied.


Dated: November 20, 2019
Detroit, Michigan

s/Bernard A. Friedman
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE